IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

# FILED

October 12, 2022 01:31 PM
ST-2019-CR-00295

**TAMARA CHARLES
CLERK OF THE COURT**



### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

PEOPLE OF THE VIRGIN ISLANDS,     )     **Case No. ST-2019-CR-00295**
            )
       Plaintiff,     )
   vs.                  )
                   )
**JULIAN FRETT,**         )
                   )
       Defendants.     )
_____ )

Cite as 2022 VI Super 86U

### <u>MEMORANDUM OPINION</u>

¶1      **THIS MATTER** is before the Court on Motion to Dismiss Count One, filed by Defendant Julian Frett ("Frett" or "Defendant") on July 14, 2022.[1] The Defendant challenges two different counts of assault in the third degree as multiplicitous. However, for the reasons set forth herein, the Court will deny Defendant's motion.

### BACKGROUND[2]

¶2      On the evening of December 13, 2019, Detective Stephanie Gabriel ("Detective Gabriel") of the Virgin Islands Police Department ("VIPD") was dispatched to a reported disturbance, and thereafter traveled to Roy Lester Schneider Hospital where she made contact with Mwamini Frett ("Mwamini" or "victim"). Mwamini was in significant pain and unable to speak. Detective Gabriel noticed contusions to Mwamini's forehead and nose, and other bruising to various parts of her body. Mwamini was treated for her injuries and Detective Gabriel interviewed her the following

---

[1] The People filed an Opposition on September 2, 2022.
[2] The Court will refer to the Affidavit attached to the Information ("Affidavit"), written and signed by Detective Stephanie Gabriel on December 23, 2019, to frame the factual background of this matter.

day. Mwamini explained that she and her father (Frett) had gotten into an argument, during which he struck her with a stick on her forehead causing her to stumble and become dizzy. Mwamini stated that Frett used the same stick to then smash her cell phone. Mwamini said she threw the damaged cell phone at Frett, and he again struck her with the stick on her stomach and face. Mwamini said she lost consciousness, and when she came to, she was gushing blood. Mwamini wished to go back to her grandmother's house, so the two got into the car. But Frett insisted Mwamini should go to the hospital, and after Frett drove past the grandmother's home, Mwamini jumped out of the vehicle. Mwamini said Frett then exited the vehicle and attempted to get her back into the car. She said he was strangling her from behind with both hands. Several individuals came to her rescue and called the police. Mwamini stated that Frett had tried to kill her.

¶3     Based upon these facts, the People charged Frett with six (6) criminal counts: (1) Third Degree Assault – Domestic Violence, in violation of V.I. CODE. ANN. tit. 14 § 291(a)(2) and V.I. CODE ANN. tit. 16 § 91(b)(1)(2); (2) Destruction of Property – Domestic Violence, in violation of 14 V.I.C. § 1266 and 16 V.I.C. § 91(b)(9); (3) Third Degree Assault – Domestic Violence, in violation of 14 V.I.C. 297(a)(4) and 16 V.I.C. § 91(b)(1)(2); (4) Using a Dangerous Weapon During a Third Degree Assault, in violation of 14 V.I.C. § 2251(a)(2)(B); (5) Second Degree Assault – Domestic Violence, in violation of 14 V.I.C. § 296(3) and 16 V.I.C. § 91(b)(1)(2); and (6) Disturbance of the Peace – Domestic Violence, in violation of 14 V.I.C. § 622(a) and 16 V.I.C. § 91(b)(11).

¶4     Defendant now files a motion pursuant to Virgin Islands Rule of Criminal Procedure ("V.I. R. Crim. P.") 12(b)(3)(B)(ii), asking the Court to find that Counts One and Three are multiplicitous because they are charged under the same statutory provision and involve a single incident, and thus requesting the Court dismiss Count One. The People oppose Frett's motion, arguing that the

disputed counts should remain as charged, that the Information charges Frett under two separate statutory subsections, the prejudice to Defendant is minimal, and noting that the Court may address any potentially multiplicitous counts at the sentencing stage.

## LEGAL STANDARD

¶5     The Virgin Islands Rules of Criminal Procedure provide for a party, before trial, to challenge a defect in the charging information, such as "charging the same offense in more than one count (multiplicity)." V.I. R. CRIM. P. 12(b)(3)(B)(ii). "Multiplicity occurs when an information charges a single crime in several different counts." *People of the V.I. v. Colon*, 60 V.I. 149, 158 (V.I. Super. Ct. 2014). The Superior Court of the Virgin Islands has stated that when determining if an information includes multiplicitous charges, the court should consider whether "separate and distinct prohibited acts" have been committed. *Id.* (citing *United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007)). The test to "determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Id.* (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

¶6     "Most cases involving the issue of multiplicitous charges focus on whether a defendant has been sentenced more than once for committing the same criminal act or offense, which violates 14 V.I.C. § 104[3] or the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution."[4] *Id.* Multiplicity of criminal charges in an information also raises concerns: "a

---

[3] Title 14 V.I.C. § 104 provides "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one. An acquittal or conviction and sentence under anyone bars a prosecution for the same act or omission under any other."

[4] The Fifth Amendment to the United States Constitution applies to the United States Virgin Islands pursuant to Section 3 of the Revised Organic Act of the Virgin Islands of 1954. See Revised Organic Act of the Virgin Islands

multiplicitous charge may leave a prejudicial impression on a jury at the commencement of trial that a defendant is alleged to have committed several crimes when, as a matter of law, he or she is only being accused of committing one crime." *Id.* at 158-59.

¶7     If charges are indeed determined to be multiplicitous, "the question then becomes whether it is proper to leave the charges in place and exercise the appropriate remedy should the need arise at sentencing, or whether the Court should proactively dismiss or consolidate the charges." *People of the V.I. v. Pringle*, 2021 VI SUPER 94U, at ¶ 25. In *People of the Virgin Islands v. Pringle*, the court stated such decision should be made on a "case-by-case basis, considering such factors as judicial economy, risk of prejudice, the totality of the charges against the defendant, and the severity of those charges." *Id.*

## DISCUSSION

¶8     Defendant argues that Count One should be dismissed for being multiplicitous to Count Three. He further argues that Counts One and Three both charge the use of a wooden stick upon Mwamini in violation of 14 V.I.C. § 297(a)(4) and 16 V.I.C. § 91(b)(1)(2). He contends that the counts both arise from the same set of facts and circumstances, in a single incident, against a single victim, and using a single weapon. Frett claims he is charged twice for the same continuous act of striking Mwamini with a wooden stick. Under the *Blockburger* test, Frett claims that both counts look to the same act and the same statutory provision with identical elements needed to prove each charge. Accordingly, Frett claims the counts are multiplicitous and Count One must be dismissed.

---

1954, as amended, § 3, 48 U.S.C. § 1561, reprinted in V.I. Code Ann., Historical Documents, Organic Acts, and U.S. Constitution at 86-88 (1995) (preceding V.I. Code Ann. tit. 1).

¶9      In response, the People note that Counts One and Three are not actually charged under identical statutory provisions, noting that Count One is charged under 14 V.I.C. § 297(a)(2)[5] while Count Three is charged under 14 V.I.C. § 297(a)(4). Accordingly, the People claim different statutory elements are required to prove each count. The People further argue that the prejudice to the defendant is minimal, since there are only six (6) counts charged, and the Defendant is only seeking to dismiss or consolidate a single count. The People note that "prosecutors enjoy a great deal of discretion in charging a defendant," citing *People of the V.I. v. Saldana*, 2017 V.I. LEXIS 30, at *2 (V.I. Super. Ct. Feb. 10, 2017), and therefore arguing the charges as stated in the Information should remain as charged. The People contend that the Court can address whether charges are multiplicitous at the sentencing stage and elect to consolidate or dismiss them at that time.

¶10     The Court finds the People charged Frett with assault in the third degree under two distinct theories, such that the Information is not multiplicitous. In the Information, Counts One and Three read as follows:

- Count One: "On or about December 13, 2019, in St. Thomas, Virgin Islands, Julian H. Frett, assaulted his daughter with a deadly weapon, a wooden stick, to wit: he struck his daughter, Mwamini Frett, in the forehead with a wooden stick, causing her to become dazed, and this act was committed during an act of domestic violence, in violation of V.I. Code. Ann. tit. 14 § 297(a)(2); V.I. Code Ann. tit. 16 § 91(b)(1)(2)."

- Count Three: "On or about December 13, 2019, in St. Thomas, Virgin Islands, Julian H. Frett, assaulted his daughter, Mwamini Frett, and inflicted serious bodily injury upon her person, to wit: he struck her again with a wooden stick to her face and stomach causing her nose to bleed profusely, and this act was committed during an act of domestic violence, in violation of V.I. Code. Ann. tit. 14 § 297(a)(4); V.I. Code Ann. tit. 16 § 91(b)(1)(2)."

---

[5] In their motion, the People mistakenly quote the language of § 297(a)(3), "assaults another with premeditated design and by use of means calculated to inflict great bodily harm," though they cite the correct provision, § 297(a)(2), "assaults another with a deadly weapon."

Title 14 V.I.C. § 297(a)(2), defines assault in the third degree as "under circumstances not amounting to an assault in the first or second degree – assault[ing] another with a deadly weapon," while 14 V.I.C. § 297(a)(4), defines assault in the third degree as "under circumstances not amounting to an assault in the first or second degree – assault[ing] another and inflict[ing] serious bodily injury upon the person assaulted."

¶11 In reviewing these charges for multiplicity, the Court must consider the elements of each charge and determine whether each provision requires proof of a fact which the other does not. *Colon*, 60 V.I. at 161. When determining the elements required to define assault in the third degree pursuant to 14 V.I.C. § 297(a), the Virgin Islands Supreme Court has held "the language 'under circumstances not amounting to an assault in the first or second degree' does not establish an additional, substantive element of the offense, but rather constitutes a condition precedent to the Superior Court's application of the sentencing range prescribed in § 297." *Davis v. People of the V.I.*, 69 V.I. 619, 632 (V.I. 2018).

¶12 "Assault" is defined as either "(1) attempt[ing] to commit a battery or (2) mak[ing] a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery." 14 V.I.C. § 291. Accordingly, The Virgin Islands Supreme Court has definitively broken down the elemental makeup of each definition of third degree assault, as defined in 14 V.I.C. § 297(a). *Davis*, 69 V.I. at 657-60.

> The elements of Third Degree Assault, subsection 297(a)(1)-(4), are: (1) the defendant; (2) under circumstances wherein the gestures made could be immediately performed; (3) made gestures; (4) those gestures communicated an immediate ability and specific intent to use unlawful violence against another; and (5) such actions (a) were taken with the specific intent to commit a felony, (b) were taken with the use of a deadly weapon, (c) were taken with a premeditated design and by use of means calculated to inflict great bodily injury, or (d) inflicted great bodily injury upon the victim.

*Id.* at 658-59 (citing 14 V.I.C. § 297(a)(1-4); 14 V.I.C. § 291(2)). Therefore, with respect to 14 V.I.C. § 297(a)(2), the elements are that "a defendant [committed] an 'assault,' . . . and the People are required to prove the additional element that the assault was 'with a deadly weapon.'"[6] *Cascen v. People of the Virgin Islands*, 60 V.I. 392, 407 (V.I. 2014) (quoting *Phipps v. People*, 54 VI 543, 550 (VI 2011)). As for 14 V.I.C. § 297(a)(4), the elements are: "(1) 'assault[ing] another'; and (2) 'inflict[ing] serious bodily injury upon the person assaulted.'"[7] *United States v. Saldana*, 719 Fed. App'x 120, 125 (3d Cir. 2017) (citing 14 V.I.C. § 297(a)(4)); *see also Nanton v. People*, 52 V.I. 466, 499 (V.I. 2009) (Hodge, C.J., concurring) ("[A]ssault in the third degree under [14 V.I.C. § 297(a)(4)] . . . requires only that the People prove that the defendant 'inflict[ed] serious bodily injury upon the person assaulted.'").

¶13    Virgin Islands courts as well as the Third Circuit have repeatedly noted distinctions among the four definitions of assault in the third degree articulated within 14 V.I.C. § 297(a), effectively acknowledging the independent nature of each definition. *See Saldana*, 719 Fed. App'x at 125 (noting that the "Virgin Islands Code provides four definitions of assault in the third degree"); *see also Nanton*, 52 V.I. at 499-500 (Hodge, C.J., concurring) (differentiating between various definitions of assault in the third degree, noting that rather than charging defendants under 14 V.I.C. § 297(a)(2), "[t]he People could have charged [defendants] with assault in the third degree [14 V.I.C. § 297(a)(4)], for instance, which requires only that the People prove that the defendant 'inflict[ed] serious bodily injury upon the person assaulted.' Instead, the People elected to charge [defendants] with assault using a deadly weapon and specified that such weapon was a knife.

---

[6] The Court notes that the determination of whether a wooden stick constitutes a "deadly weapon" will be a necessary inquiry, but the Court need not make such determination at this stage of the proceedings.

[7] The Court notes that the determination of whether Mwamini's injuries constitute "serious bodily injury" will also be a necessary inquiry, but not for the instant motion.

Therefore, the People must prove the specific facts relevant to that charge."). "Subsections [(a)(1)-(a)(4)] of section 297 provide for aggravating factors that make the conduct involved the crime of Third Degree Assault." *Davis*, 69 V.I. at 658.

¶14     Those cases make clear that the elements required to prove Counts One and Three are not identical. Therefore, the Court finds consolidation or dismissal inappropriate at this stage of the proceedings. It is clear that Counts One and Three require proof of differing elements in order to satisfy the statutory requirements, i.e., proving the assault was done "with a deadly weapon" versus "inflict[ing] serious bodily injury." Both statutory provisions require proof of a fact which the other does not, so the counts are not "multiplicitous." The elements of each charge are clearly distinct, and the Court finds no error or multiplicity with the People charging a defendant under multiple theories of assault in the third degree.

¶15     In their opposition, the People argue the potential prejudice to the Defendant is limited since consolidation or dismissal would only yield the removal of a single charge, and the jury would only receive instructions regarding a single additional charge. The Court finds that any number of additional counts, even one, can serve to prejudice the Defendant in the eyes of a jury. But since the Court finds that the charges are not multiplicitous it need not address whether one additional count does not rise to the level of prejudice.

## CONCLUSION

**¶16**    The Court finds the elements composing Counts One and Three are distinct and require proof of different facts, such that consolidation at this stage of the proceedings is not necessary nor warranted. The Court finds it acceptable for the People to charge the Defendant for assault in the third degree under multiple theories of the crime. There will be another opportunity to determine whether consolidation or dismissal is appropriate at the sentencing stage of the proceedings, should the need arise. The Court will deny Defendant's motion to dismiss Count One.

An order consistent herewith will immediately follow.


DATED:    October 12, 2022

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor 10 / 12 / 22